IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JARVIS KIMBLE, ID # 0246892,       )<br>        Petitioner,       )<br>vs.       )<br>       )<br>LORI DAVIS, Director,       )<br>Texas Department of Criminal       )<br>Justice, Correctional Institutions Division,       )<br>        Respondent.       ) | No. 3:17-CV-3451-M  (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* habeas case has been automatically referred for pretrial management. Before the Court is the *Application for A Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07,* received on December 19, 2017 (doc. 3). Based on the relevant filings and applicable law, the filing is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, and it should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

Jarvis Kimble (Petitioner) seeks relief from his state judgment of conviction in Cause No. 15-10801-86-F in the 86th District Court of Kaufman County, Texas. (*See* doc. 3.) By *Notice of Deficiency and Order* dated December 21, 2017, Petitioner was advised that his initial filing, which is typically filed in state court, had been opened as a new federal habeas case. (*See* doc. 4.) He was also advised that if he had intended to file a federal petition for writ of habeas corpus under 28 U.S.C. § 2254, he had not filed it on the appropriate form, and had not paid the filing fee for a habeas case under § 2254 or submitted a request to proceed *in forma pauperis* (IFP). (*Id.*) He was ordered to file his petition on the correct form and to either pay the $5.00 filing fee or submit an IFP application with the required certificate of inmate trust account within thirty days. (*Id.*) He was

specifically warned that a failure to do could result in the dismissal of the case. (*Id.*)

More than thirty days from the date of the *Notice of Deficiency and Order* have passed, but Petitioner has not filed his petition on the correct form, and paid the filing fee or filed an IFP application with certificate of inmate trust account. He has not filed anything else in the case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to file his petition on the correct form, and to pay the filing fee or file an IFP application with a certificate of inmate trust account, despite a warning that failure to do so could result in dismissal of the case. Nor has he filed anything else. Because Petitioner failed to follow a court order or otherwise show that he intends to proceed with this case despite notice of the consequences of any failure to comply, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Petitioner either files his petition on the correct form and pays the filing fee or submits an IFP application with a certificate of inmate trust account within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 15th day of February, 2018.**

                                             IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                             IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE